AINSWORTH v. HOUSE, Superintendent, etc.

Certiorari: CIRCUIT COURT. The circuit court has not jurisdiction in
*certiorari* proceedings. *Certiorari* is a "special proceeding," and
not a "civil action" within the meaning of the statute. Following
*Thompson* v. *Reed*, 29 Iowa, 117, and *Hunt* v. *Free*, id. 156.

*Appeal from Fayette Circuit Court.*

TUESDAY, JUNE 13.

ON the 11th day of July, 1870, the plaintiff filed in the
circuit court of Fayette county his petition for a writ of
*certiorari.* On the same day an order for the writ was
made returnable on the 13th of July, 1870. The writ
was issued and served, whereupon the defendant appeared
and filed a motion to dismiss the proceeding, for the
following reasons:

1. That notice of the application was not given.

2. That the county. superintendent is not a judicial
officer.

3. Because plaintiff has a plain, speedy and adequate
remedy by appeal to the State superintendent.

4. Because the circuit court has no jurisdiction to issue
the writ of *certiorari.*

The court overruled this motion; defendant excepted,
and appeals.

*Shiras, Van Duzee & Henderson* for the appellant.

No appearance for the appellee.

MILLER, J. — It was held by this court, in the case of
*Thompson* v. *Reed,* 29 Iowa, 117, and *Hunt* v. *Free,*

id. 156, that the circuit court has no jurisdiction to issue the writ of *certiorari;* that the "proceeding" is "special," and not a "civil action," and that the act creating the circuit court had not conferred jurisdiction upon that court to issue this writ. According to the holding in those cases, it follows that the circuit court erred in overruling the motion to dismiss on that ground. As the judgment must be reversed and the proceeding dismissed, for this reason we need not notice the other errors assigned.

Reversed.